

# NUMBER 13-23-00098-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

YOLANDA HERNANDEZ DELGADO,                                    Appellant,

v.

CAMERON COUNTY,                                                Appellee.

## ON APPEAL FROM COUNTY COURT AT LAW NO. 2
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria**

Appellant Yolanda Hernandez Delgado sued appellee Cameron County (the County) after she was involved in a motor-vehicle collision with County employee Gerardo Gonzalez, a deputy with the Cameron County Sheriff's Office. The County filed a plea to the jurisdiction on the basis of governmental immunity, and the trial court granted the plea. In one issue, Hernandez argues the trial court erred in granting the plea to the jurisdiction

because there are fact issues concerning the applicability of the emergency-response exception to the Texas Tort Claims Act (TTCA) waiver of governmental immunity. We affirm.

## I.    BACKGROUND

On March 1, 2020, Deputy Gonzalez was responding to an emergency call for a burglary in progress. While en route to the incident, Deputy Gonzalez drove eastbound in his patrol unit towards the intersection. Deputy Constable Richard Marquez was following Deputy Gonzalez in his own patrol unit in response to the same emergency call. Hernandez alleged in her petition that as she approached the intersection, the traffic light facing her was green and she proceeded into the intersection at the speed limit before she was struck by Deputy Gonzalez's patrol vehicle.[1]

On February 17, 2021, Deputy Gonzalez filed his original petition against Hernandez alleging negligence in the operation of her vehicle, faulting her for the collision. Subsequently, on March 4, 2021, Hernandez filed a separate suit against the County asserting that Deputy Gonzalez caused the accident, and the County was vicariously liable for his negligence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

After the cases were consolidated, the County answered suit and filed a plea to the jurisdiction. In its plea, the County argued that its immunity from suit was not waived under the TTCA, and, therefore, the trial court lacked subject matter jurisdiction over Hernandez's claims. Specifically, the County argued that the "emergency-response exception" to the statutory waiver of immunity applied in this case because Deputy

---

[1] During her deposition, Hernandez testified that she could not remember if Deputy Gonzalez's lights and siren were on. She said a building in the corner of the intersection obstructed her view, so she was unaware Deputy Gonzalez was traveling eastbound until the impact.

2

Gonzalez was responding to an emergency call or in an emergency situation at the time of the accident. *See id.* § 101.055(2). The County supported its plea with the deposition testimonies of Hernandez and Deputy Gonzalez; the official crash report from the Los Fresnos Police Department (LFPD); written statements from Deputy Constable Marquez; video footage of the scene from a convenience store across the street obtained by an LFPD officer; Hernandez's Department of Public Safety records; and body camera footage from an LFPD investigator taken after the accident.

Hernandez filed a response to the County's plea, arguing that the evidence raised a fact issue as to whether Deputy Gonzalez knowingly entered a busy intersection at a high rate of speed while disregarding a red light and without the use of his siren, thereby causing the collision.

Following a hearing on February 15, 2023, the trial court signed an order granting the County's plea to the jurisdiction and dismissing Hernandez's claims with prejudice. This appeal followed.

## II. DISCUSSION

By a single issue, Hernandez contends that in the course of responding to an emergency call, Deputy Gonzalez failed to comply with applicable law or acted with disregard for the safety of others, thus rendering the emergency-response exception inapplicable.

### A. Standard of Review & Applicable Law

A plea to the jurisdiction is a dilatory plea, the purpose of which is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's

subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.* Governmental immunity deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions have been sued unless immunity is waived by the Legislature. *Id.*; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). Therefore, governmental immunity is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26.

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which encompasses the burden of establishing a waiver of a governmental entity's immunity from suit. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id.* (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555). This is true even when the jurisdictional issue intertwines with the merits of the case. *Id.*

When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, the standard of review mirrors that of a summary judgment, meaning that all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists. *Id.* In the face of an evidentiary challenge, the plaintiff has the burden to present sufficient evidence to create a genuine issue of material fact regarding the jurisdictional issue. *Id.* at 552. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Miranda*, 133 S.W.3d. at 227–28. On the other hand, if the evidence is undisputed or fails to raise

4

a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Garcia*, 372 S.W.3d at 635.

The TTCA provides a limited waiver of governmental immunity for:

(1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A)     the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B)     the employee would be personally liable to the claimant according to Texas law[.]

*See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(1),101.025(a) (providing that sovereign immunity to suit is waived and abolished to the extent of liability created by the TTCA). Exempted from this waiver of immunity are claims included in the TTCA's "emergency response exception" that arise:

from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others[.]

*Id.* § 101.055(2). The policy underlying this exception to the TTCA's limited waiver of immunity is "to balance the safety of the public with the need for prompt responses to police, fire, and medical emergencies." *City of Amarillo v. Martin*, 971 S.W.2d 426, 429 (Tex. 1998); *City of San Angelo Fire Dep't. v. Hudson*, 179 S.W.3d 695, 699 (Tex. App.—Austin 2005, no pet.). "Imposing liability for a mere failure in judgment could deter emergency personnel from acting decisively and from taking calculated risks" and would "allow for judicial second guessing of the split-second and time-pressured decisions emergency personnel are forced to make." *Hudson*, 179 S.W.3d at 699.

5

The law governing the operation of emergency vehicles is found in Chapter 546 of the transportation code. *See* TEX. TRANSP. CODE ANN. ch. 546. An operator of an emergency vehicle may "proceed past a red or stop signal or stop sign, after slowing as necessary for safe operation" and may "exceed a maximum speed limit . . . as long as the operator does not endanger life or property[.]" *Id.* § 546.001. These provisions, however, do not relieve a driver of an emergency vehicle from "the consequences of reckless disregard for the safety of others." *Id.* § 546.005(2).

The plaintiff bears the burden to establish that the emergency-response exception does not apply. *Quested v. City of Houston*, 440 S.W.3d 275, 284 (Tex. App.—Houston [14th Dist.] 2014, no pet.). This burden requires Hernandez to present evidence sufficient to raise an issue of fact showing that Deputy Gonzalez (1) was not responding to an emergency call or reacting to an emergency situation; or (2) failed to comply with the applicable law or acted with reckless disregard for the safety of others. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2); TEX. TRANSP. CODE ANN § 546.005(2).

## B. Analysis

Viewing the evidence in the light most favorable to Hernandez, as we must, we note that Hernandez maintains that the evidence supports a factual determination, or at least raises a fact issue, that Deputy Gonzalez caused the collision by disregarding a red light, and entering a busy intersection at a high rate of speed (without stopping or slowing down), without an active siren or lights, and having reason to believe active cross-traffic was oblivious to this approach. Under this version of events, this evidence would raise a fact issue as to whether Deputy Gonzalez's conduct was negligent under TTCA.

However, the record before us does not support Hernandez's conclusion. It is

6

undisputed that Deputy Gonzalez was responding to an emergency call. Although Deputy Gonzalez entered a busy intersection against a red light, the video footage and the testimony of Deputy Constable Marquez confirms that Deputy Gonzalez activated his brakes when approaching the intersection and had his emergency lights and siren on before the collision happened. This evidence is sufficient to demonstrate that Deputy Gonzalez did not act with conscious indifference or reckless disregard for the safety of the public. *See Smith v. Janda*, 126 S.W.3d 543, 546 (Tex. App.—San Antonio 2003, no pet.) (holding evidence that ambulance driver entered the intersection against a red light was insufficient to raise a fact issue as to whether he acted recklessly where the ambulance driver slowed down and had the lights and siren activated). Hernandez offered no further evidence other than her own testimony to contradict Deputy Constable Marquez's statement that Deputy Gonzalez slowed down by activating his brakes before entering the intersection. The video footage refutes Hernandez's testimony and conclusively establishes that Deputy Gonzalez slowed down and had his lights and sirens activated. *See City of Dallas v. Hillis*, 308 S.W.3d 526, 535 (Tex. App.—Dallas 2010, pet. denied) (holding that dash camera video footage from officer's patrol unit conclusively refuted plaintiff's claim that the patrol unit caused the accident).

Hernandez also cites to the LFPD's crash report, which stated that Deputy Gonzalez violated § 546.001 of the transportation code by entering the intersection against a red light. However, § 546.001(2) provides that an emergency vehicle operator responding to an emergency call is allowed to proceed against a red traffic light after slowing for safe operation. *See* TEX. TRANSP. CODE ANN. § 546.001(2); *see also City of Laredo v. Varela*, No. 04-10-00619-CV, 2011 WL 1852439, *3–5 (Tex. App.—San

7

Antonio May 11, 2011, no pet.) (mem. op.) (holding that an officer's failure to adhere to policy requiring emergency vehicles to come to complete stop did not raise fact issue as to whether officer acted with reckless disregard for the safety of others). As noted above, that is exactly what Deputy Gonzalez did.

While every case presents a unique factual scenario, we note that Deputy Gonzalez's actions in this case are strikingly similar to a number of other cases where Texas courts have concluded that an emergency responder did not act recklessly. *See Tex. Dep't of Pub. Safety v. Sparks*, 347 S.W.3d 834, 841–42 (Tex. App.—Corpus Christi–Edinburg 2011, no pet.) (holding that the emergency response exception applied where the officer was responding to an emergency call with his lights and siren activated, he "slowed or stopped as he reached the intersection," and entered intersection "cautiously"); *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99–100 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (same where the officer was responding to emergency, had activated his emergency lights and siren, and slowed down before proceeding through intersection); *Hudson*, 179 S.W.3d at 700–01 (same where the driver of a firetruck activated the truck's emergency lights, siren, and air horn, was driving below the speed limit as he approached the intersection, and entered the intersection without stopping after looking both ways and observing that traffic had yielded to his firetruck); *Smith*, 126 S.W.3d at 545–46 (same where an ambulance driver was responding to an emergency with lights and siren activated, "slowed down and looked around" as he approached intersection, and entered the intersection after "seeing that all traffic had stopped or yielded to him"); *see also City of San Antonio v. Reyes*, No. 04-16-00748-CV, 2017 WL 3701772, at *3 (Tex. App.—San Antonio Aug. 23, 2017, no pet.) (mem. op.) (same where

8

an officer slowed his patrol car when he approached traffic lights, engaged his emergency lights and sirens at all times, and proceeded through intersection only after visually checking for traffic).

The record before us establishes that Hernandez's claim arises "from the action of an employee while responding to an emergency call or reacting to an emergency situation" and that the employee's "action [was] in compliance with the laws and ordinances applicable to [the] emergency action . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). Based on the record before us, we conclude that Hernandez did not meet her burden to establish that a genuine issue of fact existed as to whether Deputy Gonzalez failed to comply with applicable law or acted with disregard for the safety of others.

Accordingly, the motor-vehicle waiver of sovereign immunity in the TTCA "does not apply," and the County retains its immunity through the emergency-response exception from suit arising from Deputy Gonzalez's actions. *See id.* We overrule Hernandez's sole issue.

### III.    CONCLUSION

We affirm the trial court's order.

NORA L. LONGORIA
Justice

Delivered and filed on the
18th day of July, 2024.

9